IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOEL DE JESUS MUNOS TORRES<br>4425 14th Street, NW, Apt. 57<br>Washington, DC 20011<br><br>PLAINTIFF<br><br>v.<br><br>E-STYLE ZONE, INC.<br>1218 Flushing Avenue<br>Brooklyn, New York 11237<br><br>SERVE: Yu Long Zhang<br>1284B 5th Street, NE<br>Washington, DC 20002<br><br>DEFENDANT | Case No.: |

## COMPLAINT

Plaintiff Noel De Jesus Munos Torres ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendant E-Style Zone, Inc. ("Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia. By participating as named plaintiff in this action, Plaintiff hereby consents to participate in an action under the FLSA, DCMWA, and DCWPA.

2. Defendant is corporation formed under the laws of California.

3. At all times, Defendant operated continuously in the District of Columbia

at the address of 1284B 5th Street, NE Washington, DC 20002.

4. All of Plaintiff's job duties giving rise to this action occurred in the District of Columbia.

5. At all times, Defendant performed business operations inside the District of Columbia as well as services outside the District of Columbia and was otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6. On information and belief, each year during Plaintiff's employment, Defendant's gross revenue exceeded $500,000.00 and thus Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times, Plaintiff and other employees performing duties for Defendant handled, sold, and otherwise worked on goods and materials that were moved in or produced for commerce thus Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

8. Pursuant to the foregoing, at all times, Defendant was Plaintiff's "employer" for purposes of the FLSA, DCMWA, and DCWPA.

9. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

10. Plaintiff was employed by Defendant to perform customer service related job duties for the time period of about July 2009 through about January 2016.

11. While employed, Defendant paid Plaintiff at a regular pre-set salary rate plus modest cash commissions.

12. At no time did Defendant and Plaintiff ever discuss or agree that Plaintiff's salary was intended to pay Plaintiff at a separate non-overtime rate and at a premium overtime rate for hours worked per week in excess of forty (40).

13. While employed, Plaintiff's exact weekly hours varied slightly from week to week.

14. While employed, Plaintiff regularly and customarily worked overtime in excess of forty (40) hours per week.

15. Across his entire period of employ, Plaintiff worked a conservative average of about forty-five (45) to fifty (50) or more hours per week.

16. At no time did Defendant ever pay Plaintiff at the Federal and District of Columbia required overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for overtime hours worked each week in excess of forty (40).

17. Defendant's failure to pay Plaintiff overtime wages at the required rate is a violation of Federal and District of Columbia law.

18. Defendant's failure to pay wages is not a result of a *bona fide* dispute and is without legal or factual justification or excuse.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

19. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

20. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

21. As set forth above, Defendant failed to pay Plaintiff any wages for all overtime hours worked each week in excess of forty (40).

22. Defendant's failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

23. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

24. Defendant, as Plaintiff's employer under the DCMWA, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

4

25. As set forth above, Defendant failed to compensate Plaintiff any wages for all overtime hours worked each week in excess of forty (40).

26. Defendant's failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated statutory damages as provided by District of Columbia law, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

27. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

28. Under the DCWPA, Defendant was obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

29. "Wages" pursuant to DCWPA (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

30. Plaintiff performed work duties for Defendant's benefit in excess of forty (40) hours per week as set forth above for which Defendant failed to pay Plaintiff all overtime premium wages earned and required by Federal and District of Columbia law.

31. Defendant's failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

32. Defendant's failure to pay Plaintiff all wages earned, owed, and required by law as required by the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated statutory damages as provided by District of Columbia law (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291
Jason D. Friedman, Bar No. MD18898
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com
       jfriedman@zagfirm.com

*Counsel for Plaintiff*